IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUAN NIKOLAS NAVA, | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-cv-00274 |
| | § | |
| KNIGHT TRANSPORTATION, D/B/A | § | |
| KNIGHT TRANSPORTATION | § | |
| TEXAS INC. D/B/A KNIGHT | § | |
| TRANSPORTATION TEXAS, INC. | § | |
| AND DOLLAR TREE STORES, INC., | § | |
| *Defendants*. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Knight Transportation, Inc. ("Knight" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and respectfully shows:

### Commencement and Service

1.      On August 31, 2021, Juan Nikolas Nava ("Plaintiff") commenced this action by filing an Original Petition in the 120th District Court of El Paso County, Texas. The case is styled Cause No. 2021-DCV-3057; *Juan Nikolas Nava v. Knight Transportation, Inc. d/b/a Knight Transportation Texas, Inc. and Dollar Tree Stores, Inc.* ("State Court Action").[1]  Plaintiff seeks monetary relief over $250,000.[2]

2.      Plaintiff requested citations for service on or around September 8, 2021.[3]  After diligent inquiry, Knight has seen no evidence that Plaintiff has formally served any Defendants as of the date of this Notice of Removal.

---

[1]      *See **Exhibit C**,* Plaintiff's Original Petition.
[2]      *Id.*
[3]      *See **Exhibit D**,* Requests for Citations for Service.

3.      Out of an abundance of caution, Knight timely answered in state court on October 29, 2021.[4]

4.      This Notice of Removal is filed before Knight's receipt of service of process and is therefore considered timely pursuant to 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).

## Grounds for Removal

5.      Defendant is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## Diversity of Citizenship

6.      There is complete diversity of citizenship between Plaintiff and Defendants.

7.      Plaintiff is a citizen of Texas.[5]

8.      Defendant Knight Transportation, Inc. is not a citizen of Texas. Knight is an Arizona corporation with its principal place of business in Phoenix, Arizona. In determining whether there is diversity jurisdiction, a corporation that is a party is

---

[4]       *See **Exhibit E,*** Defendant's Motion to Transfer Venue and, Subject Thereto, Original Answer and Affirmative Defenses.
[5]       *See **Exhibit C***, Plaintiff's Original Petition at 1.

considered to be a citizen of both its state of incorporation and its principal place of business.[6]  Therefore, Defendant is a citizen of Arizona.

9.    Defendant Dollar Tree Stores, Inc. is not a citizen of Texas.  Defendant Dollar Tree Stores, Inc. is a Virginia corporation with its principal place of business, in Chesapeake, Virginia. In determining whether there is diversity jurisdiction, a corporation that is a party is considered to be a citizen of both its state of incorporation and its principal place of business.[7]  Therefore, Defendant Dollar Tree Stores, Inc. is a citizen of Virginia.

## **Amount in Controversy**

10.    This is a personal injury case with over $75,000 in controversy at the time of this removal. Per Plaintiff's Petition, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief in an amount over $250,000.[8]

## **Venue**

11.    Venue currently lies in the Western District of Texas, El Paso Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the action in this judicial district and division. However, as shown by the Motion to Transfer Venue filed in the State Court Action,[9] the appropriate venue for this suit is the Eastern District of Texas, Denton Division, Texas, a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Knight reserves the right to timely request that this Court transfer venue to the Eastern

---

[6]    *See,* 28 U.S.C § 1332(c)(1); *see also, Hertz Corp. v. Friend,* 559 U.S. 77, 130 S. Ct. 1181, 1185-86 (2010).
[7]    *Id.*
[8]    *See **Exhibit C**,* Plaintiffs' Original Petition at 6.
[9]    Incorporated herein by reference and attached as ***Exhibit E.***

District, Denton Division, Texas.

## Notice

12.     Defendant will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendant will also file with the clerk of the state court and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## Exhibits to Notice of Removal

13.     In support of this Notice of Removal and pursuant to 28 U.S.C. §1446(a), true and correct copies of the following documents are attached to this Notice as corresponding lettered exhibits:

A. Index of documents filed in Cause No. 2021-DCV-3057; *Juan Nikolas Nava v. Knight Transportation d/b/a Knight Transportation Texas, Inc. and Dollar Tree Stores, Inc.,* in the 120th Judicial District Court of El Paso County, Texas (the "State Court Action"). ***Exhibit A***

B. Docket Sheet for the State Court Action. ***Exhibit B***

C. Plaintiff's Original Petition filed on August 31, 2021, in the State Court Action. ***Exhibit C***

D. Requests for Citations of Service dated on or around September 13, 2021, in the State Court Action. ***Exhibit D***

E. Defendant Knight Transportation Inc.'s Motion to Transfer Venue, and Subject Thereto, Original Answer and Affirmative Defenses, in the State Court Action. ***Exhibit E***

F. Certificate of Interested Persons. ***Exhibit F***

G. Notice of Filing Removal in State Court. ***Exhibit G***

## Prayer

WHEREFORE, Defendant, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 120th Judicial District Court of El Paso County, Texas to this Court.

Respectfully submitted,

By: **/s/ Karl Seelbach**
Trek Doyle
State Bar No. 00790608
trek@doyleseelbach.com
Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com
Ryan Cantu
State Bar No. 24076853
ryan@doyleseelbach.com

Doyle & Seelbach PLLC
7700 W. Highway 71, Ste. 250
Austin, Texas 78735
512.960.4890 phone
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT KNIGHT TRANSPORTATION, INC.*



## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic delivery to counsel identified below on this, the 2nd day of November 2021.

Brittany Lopez
blopez@scherrlegate.com
SCHERR & LEGATE, PLLC
109 North Oregon, 12th Floor
El Paso, Texas 79901
915.544.0100 Telephone
915.532.1759 Fax

*ATTORNEYS FOR PLAINTIFF*