# EXHIBIT C

IN THE _____ JUDICIAL DISTRICT COURT
COUNTY COURT AT LAW NUMBER _____
DENTON COUNTY, TEXAS

| | |
|---|---|
| JUAN NIKOLAS NAVA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Cause No. 2021DCV-_____ |
| § | |
| KNIGHT TRANSPORTATION, INC. d/b/a § | |
| KNIGHT TRANSPORTATION TEXAS, INC. § | |
| and DOLLAR TREE STORES, INC. § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUAN NIKOLAS NAVA (hereinafter called "Plaintiff"), complaining of KNIGHT TRANSPORTATION, INC. d/b/a KNIGHT TRANSPORTATION TEXAS, INC. (hereinafter referred to as "Defendant KNIGHT") and of DOLLAR TREE STORES, INC. (hereinafter referred to as "Defendant DOLLAR TREE") (collectively referred to as "Defendants"), and for a cause of action would show the Court and/or Jury the following:

### I. DISCOVERY

Discovery will be conducted in Level III pursuant to Rule 190.

### II. PARTIES

Plaintiff is a resident of El Paso County, Texas. The last three numbers of Plaintiff's Social Security number are 344.

Defendant KNIGHT TRANSPORTATION, INC. d/b/a TRANSPORTATION TEXAS, INC. is an Arizona corporation doing business in the State of Texas and may be served with process

by serving its registered agent, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, TX 75201 and/or wherever may be found.

Defendant DOLLAR TREE STORES, INC. is a Virginia Corporation doing business in the State of Texas and may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY DBA CSC – LAWYERS INCO at 211 E. 7th St., Suite 620, Austin, TX 78701 and/or wherever may be found.

### III.   STATEMENT OF FACTS

The injuries and damages suffered by Plaintiff made the basis of this action arose out of an incident that occurred on or about September 8, 2020. While working in the course and scope of his employment with Defendant KNIGHT, Plaintiff was on the premises of Defendant DOLLAR TREE located at 5133 El Dorado Pkwy, Frisco, Texas 75033 making a delivery. As Plaintiff attempted to remove the load locks/load bars inside the trailer owned by Defendant KNIGHT, a load lock/load bar inside the trailer fell on Plaintiff's head. Upon information and belief, Defendant DOLLAR TREE's employees, agents and representatives improperly placed the load lock/load bar when they loaded the trailer. Plaintiff received substantial injuries to his body as a result of Defendants' negligence.

### IV.   NONSUBSCRIBER NEGLIGENCE OF DEFENDANT KNIGHT

Defendant KNIGHT failed to become a subscriber under the Worker's Compensation Act of this State. Under Texas law, Defendant KNIGHT had a non-delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code § 411.103). Plaintiff's nonsubscriber negligence claim is brought under the Workers' Compensation Act, which is to be liberally construed in favor of the injured employee. *See Kroger v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000). Under Texas law, Defendant KNIGHT had a non-delegable duty to provide a safe workplace to its employees. (See

Copy from re:SearchTX

Tex. Lab. Code §411.103.). This duty requires that "[e]ach employer shall: (1) provide and maintain employment and a place of employment that is reasonably safe and healthful for employees; (2) install, maintain, and use methods, processes, devices, and safeguards, including methods of sanitation and hygiene, that are reasonably necessary to protect the life, health, and safety of the employer's employees; and (3) take all other actions reasonably necessary to make the employment and place of employment safe." *See* Tex. Lab. Code § 411.103. "The supreme court has held that employers in Texas owe certain continuous, non-delegable duties to their employees. Among these are the duties to (1) furnish a reasonably safe place to work, (2) warn employees of hazards of their employment that are not commonly known or already appreciated, (3) supervise employees' activities, (4) hire competent co-employees, (5) furnish reasonably safe instrumentalities with which to work, and (6) provide safety regulations." *Kroger Co. v. Milanes*, 474 S.W.3d 321 (Tex. App.— Houston [14th Dist.] 2015, no pet.).

Defendant KNIGHT failed to provide a reasonably safe working environment for Plaintiff. Defendant KNIGHT failed to install, maintain, and use methods, processes, devices, and safeguards reasonably necessary to protect the life, health, and safety of their employees, including Plaintiff. Defendant KNIGHT breached its duty to provide a reasonably safe workplace, and such breach was a direct and proximate cause of Plaintiff's injuries and damages. Plaintiff alleges that said damages were proximately caused by the negligence of Defendant KNIGHT arising from one or more of the following theories of negligence:

1. Failure to furnish Plaintiff with a safe place to work.
2. Failure to inspect the trailer in question.
3. Failing to have proper and safe equipment.
4. Failure to properly install the load locks/load bars.
5. Failure to furnish Plaintiff with adequate, necessary and suitable tools, appliances and equipment.
6. Failure to control or eliminate hazards on the jobsite.
7. Failure to establish and enforce safety rules and regulations.

Copy from re:SearchTX

8. Failing to train, teach and educate its employees.
9. Failure to supply adequate and reasonably competent fellow employees.
10. Failure to provide adequate means of communication to safely perform the job.
11. Failure to warn Plaintiff of the dangers.
12. Failure to warn Plaintiff that a dangerous condition existed which required extra care to be taken.
13. Failure to correct dangerous conditions which Defendant knew of, or in the use of ordinary care, should have known.
14. Failure to supervise.
15. Failure to properly train, educate, instruct and supervise Plaintiff in the performance of his duties.
16. Failing to adequately train, educate, or provide instructions and orders to persons.
17. Failing to provide proper safety manuals and instructions to employees responsible for safety.
18. Failure to comply with all parts of the Federal Motor Carrier Safety Regulations (FMCSR).
19. Failure to provide Plaintiff with any accident avoidance training.
20. Providing an unsafe manner for Plaintiff to perform his work.
21. Negligent inspection, maintenance, and/or repair of the premises
22. Other acts of negligence.

One or more of these acts or omissions of negligence, whether taken singularly or in any combination, was a breach of Defendant KNIGHT's duty to Plaintiff and a proximate cause of Plaintiff's injuries and damages.

## V. NEGLIGENCE OF DEFENDANT DOLLAR TREE

Plaintiff would show that the damages and injuries were caused by the negligence of Defendant DOLLAR TREE, their employees, agents and representatives. Plaintiff would show that Defendant DOLLAR TREE owed a duty to Plaintiff that Defendant DOLLAR TREE breached such duty, and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff. Defendant DOLLAR TREE was negligent by breaching their duty to Plaintiff in one or more of the following alternative theories of negligence:

1. Failure to inspect the trailer in question.
2. Failing to have proper and safe equipment.
3. Failure to properly install the load locks/load bars.
4. Failing to train, teach and educate its employees.
5. Failure to warn Plaintiff of the dangers.

Copy from re:SearchTX

6. Failure to warn Plaintiff that a dangerous condition existed which required extra care to be taken.
7. Failure to supervise.
8. Failure to adequately train, educate, or provide instructions and orders to Defendants' employees in the performance of their duties.
9. Failure to provide proper safety manuals and instructions to employees responsible for safety.
10. Failure to comply with all parts of the Federal Motor Carrier Safety Regulations (FMCSR).
11. Other acts of negligence.

One or more of the foregoing acts and omissions constituted negligence, which was a proximate cause of the damages and injuries to Plaintiff.

## VI. PREMISES LIABILITY

While on the premises and under the control of Defendant KNIGHT, Plaintiff suffered damages resulting in injury caused by a dangerous condition on the premises, which Defendant KNIGHT actually knew or, in the exercise of ordinary care, should have known existed. Defendants, its agents, servants, employees and subcontractors negligently caused or negligently permitted such condition to exist and negligently failed to warn Plaintiff of the condition of the premises, despite the fact that Defendants, its agents, servants, employees and subcontractors actually knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened.

## VII. DAMAGES

As direct and proximate result Defendants' negligence, Plaintiff suffered bodily injuries, and incurred expenses for medical care, attention and other expenses. The expenses were necessary for the care and treatment of injuries sustained by Plaintiff. The expenses incurred and to be incurred are usual and customary for such services. Plaintiff will require further medical care and attention and will incur reasonable and necessary medical expenses in the future.

Plaintiff has suffered in the past, and will continue to suffer in the future, pain and suffering.

Copy from re:SearchTX

Plaintiff has suffered in the past, and will continue to suffer in the future, impairment. Plaintiff has suffered in the past, and will continue to suffer in the future, a loss of performance of household services. Plaintiff has suffered in the past, and will continue to suffer in the future, mental pain and anguish. Plaintiff has suffered past and future loss of earning capacity. Plaintiff has suffered total damages that are within the jurisdictional limits of this Court.

Pursuant to T.R.C.P. 47, Plaintiff is required to plead the maximum amount of damages sought; however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet begun and the extent of Plaintiff's future damages are still being determined. At this early stage of the proceedings, Plaintiff requests that the jury be fair and reasonable in its determination of actual damages in an amount over $250,000.00 but not over $1,000,000.00.

## VIII.   JURY REQUEST

Plaintiff respectfully requests a trial by jury of the issues in this case.

## IX.   TRIAL EVIDENCE

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Tex. R. Civ. P. 193.7.

## X.   PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, jointly and severally, for costs, pre-judgment and post judgment interest, and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Copy from re:SearchTX

Respectfully submitted,

SCHERR & LEGATE, PLLC
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsimile)
blopez@scherrlegate.com

_____
**BRITTANY LOPEZ**
State Bar No. 24102110
**TIFFANY N. JOUDI**
State Bar No. 24065479

Copy from re:SearchTX